UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZAN CARSON<br><br>   Plaintiff,<br><br> v.<br><br>D. K. JOHNSON,<br><br>   Defendant. | Case No.: 1:13-cv-00128 JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1). |

  Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on April 29, 2011. (Doc. 1). As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I. Screening Requirement**

  Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

1

## II. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III. § 1983 Claims**

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Section 1983 does not recognize respondeat superior liability. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, a supervisor may not be held liable merely because a subordinate the plaintiff's constitutional. Id. "A supervisor is only liable for constitutional violations of his subordinates if the

supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV. Plaintiff's Complaint**

Plaintiff complains that the officials at the Central California Women's Facility (CCWF) where she is housed are "violating recent court rulings," because they are placing too many inmates in one cell. (Doc. 1 at 2-3). She alleges that CCWF is not excluded from the judicial mandates regarding the number of inmates per cell. (Doc. 1 at 2).

**V.     Discussion**

**A. Plaintiff's references to Plata[1]**

To the extent Plaintiff filed her current Complaint in an effort to enforce a court order issued in another case, Plaintiff is advised that she may not pursue a claim in this action based on the alleged failure of CCWF officials to comply with the Plata settlement agreement. Remedial orders issued in the Plata case do not provide Plaintiff with an independent cause of action under section 1983 because the orders do not have the effect of creating or expanding Plaintiff's constitutional rights. Cagle v. Sutherland, 334 F.3d 980, 986–87 (9th Cir.2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir.1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights).

Likewise, if Plaintiff contends she is a member of the plaintiff class in Plata, she cannot proceed with an individual claim separate and apart from the class. A plaintiff cannot bring an individual suit seeking injunctive and equitable relief from alleged unconstitutional prison conditions

---

[1] When initially filed, the Plata class included all inmates incarcerated in California prisons, except those inmates at Pelican Bay State Prison which was under the Court's jurisdiction in a separate action. Plata, No. C01–1351 TEH, 2009WL 799392, at *1 n .2 (N.D.Cal. March 24, 2009). On June 6, 2008, at the stipulation of the parties, the Plaintiff class was expanded to include inmates housed at Pelican Bay State Prison. Id. Arenas v. Enanmoh (E.D. Cal., Aug. 15, 2011, 1:08-CV-01351-LJO) 2011 WL 3568552 report and recommendation adopted, (E.D. Cal., Oct. 13, 2011, 1:08-CV-01351-LJO) 2011 WL 4862410).

1 that is within the boundaries of an existing class action. Fleming v. Schwarzenegger, No. 08–05011
2 CW, 2010 WL 3069349 * 2 (N.D.Cal. Aug.4, 2010); *see also* McNeil v. Guthrie, 945 F.2d 1163, 1165
3 (10th Cir.1991); Long v. Collins, 917 F.2d 3, 4–5 (5th Cir.1990); Goff v. Menke, 672 F.2d 702 (8th
4 Cir.1987); Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir.1987). Allowing such suits would
5 interfere with the ongoing class action. McNeil, 945 F.2d at 1165. Claims for equitable relief must
6 proceed through the class representative until the class action is terminated or the consent decree is
7 modified. McNeil, 945 F.2d at 1166.

8 Accordingly, the Court analyzes Plaintiff's claims under the requisite constitutional standards
9 without reference to Plata.

10 **B. Overcrowding**

11 Allegations of overcrowding, alone, as Plaintiff has alleged here, are insufficient to state a
12 claim under the Eighth Amendment. *See* Rhodes v. Chapman, 452 U.S. 337, 348, 101 S.Ct. 2392, 69
13 L.Ed.2d 59 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir.1989). Plaintiff's
14 claim is cognizable where it is alleged that crowding has caused an increase in violence or has reduced
15 the provision of other constitutionally required services, or has reached a level where the institution is
16 no longer fit for human habitation. *See* Balla, 869 F.2d at 471. Here, plaintiff has not alleged specific
17 injuries she has suffered due to the overcrowding.

18 Additionally, "a plaintiff's obligation to provide the 'grounds' of 'entitle[ment] to relief'
19 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
20 action will not do [.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167
21 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative
22 level[.]" Id. Plaintiff, in this case, has not provided any factual allegations which demonstrate that the
23 alleged prison overcrowding has caused her to suffer cruel and unusual punishment in violation of the
24 Eighth Amendment. Based on the deficiencies set forth above, Plaintiff has failed to state an Eighth
25 Amendment claim.

26 /////
27 /////
28 /////

**C. The Eleventh Amendment**

Plaintiff seems to name CCWF as a defendant, along with D.K. Johnson.[2] However, the Eleventh Amendment prohibits suits for monetary damages against a State and its agencies. Gann v. Schwarzenegger, 2010 U.S. Dist. LEXIS 135836, at *20-21 (E.D. Cal. Dec. 13, 2010) (quoting Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007)). Because CCWF is a state agency that has not consented to suit in federal court, it is entitled to Eleventh Amendment immunity from suit. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Likewise, a suit against a state official in her official capacity equates to a suit against the state employing that official, Hafer v. Melo, 502 U.S. 21, 25 (1991), effectively barring a plaintiff from bringing suit on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in her individual capacity. Id. To the extent Plaintiff is suing Warden Johnson in her official capacity and intends to name CCWF as a defendant, Plaintiff's claims cannot stand and are barred by the Eleventh Amendment.

**D. Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See* Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.1978); *see also* cases cited in Part III above. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See* Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). Plaintiff has not stated any allegations against Defendant Johnson, let alone provided any facts to demonstrate a causal link between the Defendant Johnson's actions and Plaintiff's Eighth Amendment claim. Thus, in addition to the reasons set forth in Parts A and B above, Plaintiff has not stated a cognizable claim against Defendant Johnson.

/////

/////

---

[2] However, Plaintiff has listed CCWF as a "Plaintiff," along with "D.K. Johnson," while listing herself as a "Defendant." (Doc. 1 at 1).

## VI. Leave to Amend

The Court will provide Plaintiff an opportunity to amend her pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In her first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that her failure to do so will result in a recommendation that his action be dismissed.** Plaintiff is further advised that, if she chooses to amend her complaint, she should carefully consider amending only those claims that can be cured by amendment and not include those claims that are clearly barred.

Plaintiff must provide a **short, plain statement** that gives the defendant fair notice of what the Plaintiff's claim is and the facts upon which his claim rests. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This means that Plaintiff must **briefly** describe who the Defendant is, what the Defendant did, when the Defendant did this and how the Defendant's actions violated Plaintiff's rights. Each Defendant is only liable for the injuries that his/her own actions cause so the complaint must set forth the actions of each defendant, assuming Plaintiff intends to sue more than one person. Plaintiff is advised that **she need not cite legal authorities or attach exhibits to her complaint.**

In addition, Plaintiff is cautioned that in her first amended complaint, she may not change the nature of this suit by adding new, unrelated claims in her amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once she files her first amended complaint, her original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## VII. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

7

1. Plaintiff Complaint against CCWF is DISMISSED without leave to amend.
2. Plaintiff's Complaint against D.K. Johnson in her official capacity is DISMISSED without leave to amend.
3. Plaintiff's Complaint against D.K. Johnson in her individual capacity is **DISMISSED with leave to amend**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **February 4, 2013**            /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE