UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZAN CARSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. K. JOHNSON,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-00128 JLT (PC)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION DISMISSING THE CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS<br><br>(Docs. 4, 6). |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).

　　　　On February 4, 2013, the Court issued an order dismissing Plaintiff's complaint with leave to amend. (Doc. 5). Plaintiff was granted 21 days, until February 25, 2013, to file an amended complaint. Id. Plaintiff failed to file an amended complaint or otherwise respond to the Court's order.

　　　　On March 4, 2013, the Court issue an order to Plaintiff to show cause why the present action should not be dismissed for Plaintiff's failure to comply with the Court's previous order and failure to prosecute this action. (Doc. 6). The Court granted Plaintiff 21 days from the date of service to comply. (Doc. 6). Plaintiff has failed to file an amended complaint or otherwise respond to the Court Order. Therefore, the Court **RECOMMENDS** that Plaintiff's action be **DISMISSED.**

///

## I.     Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to file her amended pleading.  Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its February 4, 2013, and March 4, 2013 orders, the Court warned Plaintiff that if she failed to comply with the order, this Court would recommend that the action be dismissed." (Docs. 4, 6). Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order. It should be noted that this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424.

Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

**ORDER**

For the foregoing reasons, the Clerk of the Court is **DIRECTED** to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED:

1.  This action be DISMISSED WITHOUT PREJUDICE; and

2.  The Clerk of Court be directed to close this action because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **14 days** after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 5, 2013**                    /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE